IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN PARLANTE,

        Plaintiff,

    v.

KENNETH G. PETERSON, et al.,

        Defendants.

_____/

No. CIV S-07-2502 LKK DAD PS

ORDER AND

FINDINGS AND RECOMMENDATIONS

        This case came before the court on March 14, 2008, for hearing of the motion to dismiss filed by defendants Commission on Judicial Performance, Kenneth G. Peterson, and Daniel Horton. Kevin W. Reager, Esq. appeared for the moving parties. John Parlante, proceeding pro se, appeared on his own behalf. Upon consideration of all written materials filed in connection with defendants' motion, the parties' arguments in open court, and the entire file, the undersigned recommends that the motion to dismiss be granted.

BACKGROUND

        Plaintiff commenced this action on November 21, 2007, by filing a pro se complaint asserting jurisdiction based on diversity of citizenship. Plaintiff, a resident of the State of Nevada, has sued five individuals, a state agency, and ten unnamed defendants. Plaintiff's civil cover sheet identifies the action as a personal injury tort suit in which plaintiff demands

1

money in the amount of $2,500,000. The prayer for relief in the complaint requests actual, compensatory, and punitive damages in excess of the amount required for a suit predicated on diversity jurisdiction, along with court costs and attorney's fees.

Plaintiff alleges that defendant Kenneth G. Peterson, presiding judge of the Sacramento County Superior Court sitting as a juvenile court, caused or allowed two proofs of service filed by plaintiff in December 2005 to disappear from the court's file and failed to review a transcript before ruling on a December 2005 rehearing request. Plaintiff claims that defendant Peterson owed plaintiff a duty of care to review the case file before ruling on a request, not to permit documents to disappear, and to supervise the court administrator and staff to ensure that documents did not disappear.

Plaintiff alleges that defendant Daniel Horton, a referee of the Sacramento County Superior Court sitting as a juvenile court, improperly exercised jurisdiction over plaintiff in 2007 and failed to follow an order of the Third District Court of Appeal. Plaintiff claims that defendant Horton owed plaintiff a duty of care to ensure that plaintiff's attorney compelled the appearance of witnesses and not to exercise jurisdiction when the court had none.

Plaintiff alleges that defendant Dian Vorters, a California attorney who represented the DHHS in state court proceedings, submitted false records to the court and refused to take corrective action after receiving proof of the falsity. Plaintiff claims that defendant Vorters owed plaintiff a duty of care to provide accurate information, not to knowingly offer false information to the court, to make the court aware of false records prior to trial, and not to use false records in questioning witnesses at trial.

Plaintiff has alleged no facts concerning the actions of the Commission, the Tyslans, or the unnamed defendants. Plaintiff asserts that he suffered unspecified injuries "as a result of the intentional torts and civil conspiracy . . . proximately caused by" all defendants, but he does not describe a conspiracy or any acts committed in furtherance of a conspiracy, or any tort committed by the Commission, the Tyslans, or the unnamed defendants.

Plaintiffs' complaint was accompanied by the required filing fee. Accordingly, the Clerk of the Court issued a summons for the named defendants. Plaintiff has filed returns of service executed on the three moving defendants. No other defendant has appeared.

MOTION TO DISMISS

The moving defendants seek dismissal pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. Under Rules 12(b)(1) and 12(b)(2), defendants contend that the court lacks jurisdiction over the dispute and over them. Under Rule 12(b)(6), defendants contend that, if jurisdiction were found to exist, the claims against the moving defendants fail to state a claim upon which relief can be granted because the complaint fails to plead facts establishing that plaintiff complied with the California Tort Claims Act (CTCA) prior to filing suit against the judicial defendants. The motion has been fully briefed.

I. <u>Legal Standards Applicable to Motions to Dismiss</u>

Federal Rule of Civil Procedure 12(b)(1) allows a party to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." <u>Thornhill Publ'g Co. v. General Tel. & Elecs.</u>, 594 F.2d 730, 733 (9th Cir. 1979). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, no presumption of truthfulness attaches to the plaintiff's allegations. <u>Id</u>. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." <u>McCarthy v. United States</u>, 850 F.2d 558, 560 (9th Cir. 1988). When a "speaking motion" is brought, the burden of proof is on the party asserting jurisdiction. <u>Thornhill Publ'g Co.</u>, 594 F.2d at 733.

Rule 12(b)(2) permits defendants to move to dismiss for lack of jurisdiction over the person. Although it is defendants who bring such a motion, the plaintiff retains the burden of establishing jurisdiction. <u>Rio Props., Inc. v. Rio Int'l Interlink</u>, 284 F.3d 1007, 1019 (9th Cir.

2002).  When the court acts on a motion to dismiss for lack of jurisdiction over the person without holding an evidentiary hearing, the plaintiff must make a prima facie showing of jurisdiction and must point to alleged facts that, if true, would support jurisdiction over the defendant.  Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003).

    A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint.  North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).  In determining whether a complaint states a claim on which relief may be granted, the court must accept as true the allegations in the complaint and liberally construe those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. U.S., 915 F.2d 1242, 1245 (9th Cir. 1989).  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  The court may also consider matters of public record, including pleadings and other papers filed with the court.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

II.  Analysis

  A.  Immunity Issues

    Defendants contend that the Eleventh Amendment bars plaintiff's claims against them because plaintiff has alleged his claims against the Commission on Judicial Performance as a state agency and against Judge Peterson and Referee Horton in their official capacities as

4

1  officers of the state.  Defendants argue that they cannot be sued in federal court in a diversity
2  action because state agencies and officers of the state are not citizens of a state for purposes of 28
3  U.S.C. § 1332.  In addition, defendants Peterson and Horton assert judicial immunity.
4        The Eleventh Amendment provides that "[t]he Judicial power of the United States
5  shall not be construed to extend to any suit in law or equity, commenced or prosecuted against
6  one of the United States by Citizens of Another State."  The Amendment bars suits against a state
7  or its agencies, regardless of the relief sought, and even where jurisdiction is predicated on a
8  federal question, absent the state's affirmative and unequivocal waiver of its immunity or
9  congressional abrogation of that immunity.  Pennhurst State Sch. & Hosp. v. Halderman, 465
10 U.S. 89, 98-99 (1984); Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d
11 1241, 1245 (9th Cir. 1999); Durning v. Citibank, N.A., 950 F.2d 1419, 1422-23 (9th Cir. 1991).
12 Eleventh Amendment immunity extends to governmental entities that are "arms of the state."
13 Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989).  Suits against California state
14 courts and judges are suits against the state and are therefore barred by the Eleventh Amendment.
15 Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987).
16 The Eleventh Amendment also bars federal suits, whether seeking damages or injunctive relief,
17 against state officials where the state is the real party in interest.  Pennhurst, 465 U.S. at 101-02.
18 Suits against the Sacramento County Superior Court and its employees are therefore barred by
19 the Eleventh Amendment.  Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161
20 (9th Cir. 2003).
21       The State of California has not waived its sovereign immunity to suits against its
22 departments and agencies or against its officials sued in their official capacity.  Plaintiff's claims
23 against the Commission on Judicial Performance, Judge Peterson, and Referee Horton should be
24 dismissed as barred by the Eleventh Amendment.
25       In addition, plaintiff's claims against the three moving defendants should be
26 dismissed because these defendants cannot be sued in federal court in a diversity action.  The

fundamental requirement of federal diversity jurisdiction, which plaintiff claims as the basis for this court's jurisdiction over his case, is that all parties to the action be "citizens of different States." 28 U.S.C. § 1332(a)(1). A state is not a citizen of a state for purposes of diversity jurisdiction. Moor v. County of Alameda, 411 U.S. 693, 717 (1973). Suits against state agencies and state officials in their official capacity are treated as suits against the state and therefore such suits cannot be based on diversity. Morongo Band of Mission Indians v. California State Board of Equalization, 858 F.2d 1376, 1381 & 1382 n.5 (9th Cir. 1988) ("As an agency of the State of California, the Board has no 'citizenship' for the purposes of section 1332."). Plaintiff's suit alleges jurisdiction based solely on diversity of citizenship, and plaintiff has sued the Commission as a state agency and Judge Peterson and Referee Horton as state officials. The claims against the three judicial defendants must be dismissed because these defendants cannot be sued in a diversity action.

It is well established that judges acting within their judicial jurisdiction are absolutely immune from liability for damages, even in civil rights cases brought pursuant to 42 U.S.C. § 1983. Pierson v. Ray, 386 U.S. 547, 553-54 (1967). "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump v. Sparkman, 435 U.S. 349, 362 (1978). Judicial immunity "applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1872)). A party dissatisfied with a judge's rulings may challenge those rulings "only via appeal, not by suing the judges." In re Thomas, 508 F.3d 1225, 1227 (9th Cir. 2007) (citing Mireles v. Waco, 502 U.S. 9, 11-12 (1991)).

Here, plaintiff complains that Judge Peterson failed to review a transcript before making a ruling and failed to supervise court clerks to ensure that documents did not disappear

from the court's file. Plaintiff dealt with Judge Peterson in his judicial capacity, and the functions at issue were ones normally performed by judges. If the judge acted in error, plaintiff's recourse was to pursue appeals within the California court system and, if unsuccessful, to proceed to the United States Supreme Court. Plaintiff asserts without explanation that Referee Horton exercised jurisdiction, failed to follow orders of the appellate court, and failed to supervise plaintiff's attorney. Plaintiff dealt with Referee Horton in his judicial capacity, and the functions at issue are ones normally performed by judges, although it is unlikely that a referee has a duty to supervise attorneys representing parties appearing before the court. In any event, plaintiff's recourse was to pursue appeals and proceed to the United States Supreme Court. The undersigned finds that both judicial officers are entitled to judicial immunity for their actions.

The undersigned has considered plaintiff's arguments regarding immunity and finds them without merit. With regard to diversity jurisdiction, plaintiff merely sets forth the text of § 1332(a). The statute does not provide that state agencies and state judicial officers are deemed to be citizens of a state for purposes of diversity jurisdiction. With regard to judicial immunity, plaintiff argues but does not demonstrate that Judge Peterson was not acting within the bounds of his authority with regard to supervision of court staff.

Plaintiff attempts to re-cast his state tort claim concerning lost proofs of service as a violation of his right of access to the courts. He suggests that he should amend his complaint to "clarify a violation of his 14th amendment right of access to the courts." Amendment of the complaint to allege such a claim would be futile, as Eleventh Amendment immunity would still apply. See Will, 491 U.S. at 71 (neither state courts nor their officials acting in their official capacity are "persons" for purposes of 42 U.S.C. § 1983); Simmons, 318 F.3d at 1161 (claims against state courts and employees of those courts are barred by the Eleventh Amendment). Moreover, plaintiff's opposition reveals that he possesses conformed copies of the lost documents and was able to submit them. In the absence of actual injury, a litigant cannot state a claim for violation of the right of access to the court. See Lewis v. Casey, 518 U.S. 343, 351

1  (1996); Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir. 1994).  See also Sands v. Lewis, 886 F.2d
2  1166, 1171 (9th Cir. 1989) ("actual injury" means a specific instance in which the litigant was
3  actually denied access to the courts).

4        Plaintiff's argument that Judge Peterson committed a crime is not supported by
5  the cases he cites, as those cases involve personal misconduct outside the court and physical
6  assaults in court.  In any event, crimes are not prosecuted by individuals in civil cases.

7        For all of these reasons, the undersigned finds that defendants' motion to dismiss
8  on multiple immunity grounds should be granted and that the claims against these defendants
9  should be dismissed with prejudice because amendment would be futile.

10      B. Subject Matter Jurisdiction

11        Citing the Rooker-Feldman doctrine, the moving defendants contend that federal
12  district court lacks subject matter jurisdiction to review state court judgments and orders and that
13  this court is therefore barred from considering plaintiff's claims against defendants Peterson and
14  Horton or granting the relief plaintiff seeks.

15        Under the Rooker-Feldman doctrine, federal district courts lack jurisdiction to
16  review alleged errors in state court decisions.  Dist. of Columbia Court of Appeals v. Feldman,
17  460 U.S. 462, 476 (1983) (holding that review of state court determinations can be obtained only
18  in the United States Supreme Court).  The doctrine applies to "cases of the kind from which the
19  doctrine acquired its name:  cases brought by state-court losers complaining of injuries caused by
20  state-court judgments rendered before the district court proceedings commenced and inviting
21  district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic
22  Indus. Corp., 544 U.S. 280, 284 (2005).  A federal district court is also prohibited from
23  exercising subject matter jurisdiction over a suit that is "a de facto appeal" from a state court
24  judgment.  Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004).  A federal district
25  court may not examine claims that are inextricably intertwined with state court decisions, "even
26  where the party does not directly challenge the merits of the state court's decision but rather

1  brings an indirect challenge based on constitutional principles." <u>Bianchi v. Rylaarsdam</u>, 334
2  F.3d 895, 900 n.4 (9th Cir. 2003).  <u>See</u> also <u>Ignacio v. Judges of U.S. Court of Appeals</u>, 453 F.3d
3  1160, 1165-66 (9th Cir. 2006) (affirming district court's dismissal of the case "because the
4  complaint is nothing more than another attack on the California superior court's determination in
5  [plaintiff's] domestic case").  "The purpose of the doctrine is to protect state judgments from
6  collateral federal attack."  <u>Doe & Assocs. Law Offices v. Napolitano</u>, 252 F.3d 1026, 1030 (9th
7  Cir. 2001).

8        Defendants Peterson and Horton argue that the essence of plaintiff's claims is that
9  the two of them made improper decisions during the course of underlying juvenile court
10 proceedings over which they presided.  Defendants argue that the federal court cannot review
11 their judicial determinations and orders for the purpose of reversing or changing them.  Plaintiff's
12 argument that <u>Rooker-Feldman</u> does not apply is supported by cases holding that the doctrine is
13 not applicable to administrative proceedings.  Such authority is irrelevant here, as the underlying
14 proceedings were judicial.

15       The undersigned finds that plaintiff's claims against the moving defendants are
16 inextricably intertwined with state court judgments that this court cannot review.  While
17 plaintiff's complaint alleges state tort claims and seeks only damages, plaintiff's opposition to
18 defendants' motion and his petition for a stay of state court proceedings demonstrate that plaintiff
19 wants this court to undo or intervene in final decisions of the state courts in child dependency
20 proceedings.  "Where the district court must hold that the state court was wrong in order to find
21 in favor of the plaintiff, the issues presented to both courts are inextricably intertwined" and the
22 district court lacks jurisdiction.  <u>Doe & Assocs.</u>, 252 F.3d at 1030.  The claims against the
23 moving defendants are barred by the <u>Rooker-Feldman</u> doctrine and should be dismissed with
24 prejudice because amendment would be futile.

25 /////

26 /////

C. Abstention

Defendants argue that the Younger abstention doctrine requires the district court to abstain from hearing this case because the underlying state court action is still pending in the California courts. Plaintiff responds that Younger abstention does not apply because there are special circumstances and he faces irreparable injury that is great and immediate.

While federal courts have an obligation to exercise jurisdiction where it exists, particularly in civil rights cases, abstention may be required under Younger v. Harris, 401 U.S. 37 (1971), when there are ongoing state judicial proceedings that implicate important state interests and there is adequate opportunity in the state proceedings to raise federal questions. Confederated Salish v. Simonich, 29 F.3d 1398, 1405 (9th Cir. 1994); Miofsky v. Superior Court of the State of California, 703 F.3d 332, 337-38 (9th Cir. 1983).

Plaintiff initiated this action as a personal injury case for damages. The only civil rights claim suggested in opposition to defendants' motion is a Fourteenth Amendment claim that his right of access to the courts was violated when Judge Peterson "molest[ed] the court case file" by allowing two proofs of service to disappear. There are ongoing state judicial proceedings that implicate important state interests involving domestic relations, and the state proceedings provide an adequate opportunity to raise federal questions. See Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) (holding that the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees); Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987) (affirming abstention where the case raised constitutional issues but was "at its core a child custody dispute"); Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir. 1983) (finding abstention appropriate despite the presence of constitutional issues where the plaintiff sought visitation with children who were wards of the state court). The undersigned finds that this court should abstain from addressing plaintiff's claims, including constitutional claims raised for the first time in plaintiff's opposition and in his petition for injunctive relief.

D. <u>Exhaustion of Administrative Remedies</u>

Defendants argue that plaintiff's complaint fails to state a claim upon which relief may be granted and should be dismissed because plaintiff has not alleged, and cannot allege, that he exhausted available administrative remedies prior to filing suit. Plaintiff responds that administrative remedies need not be exhausted in federal cases alleging violations of constitutional rights. Plaintiff does not address the application of the exhaustion requirement to his state tort claims.

Under the CTCA, a plaintiff may not maintain an action for damages against a public employee unless a written claim has first been presented to the appropriate state entity and has been acted upon by that entity. <u>See</u> Cal. Gov't Code §§ 900.2, 910, 915(c)(2) & 945.4. Failure to present a timely claim against the public employee bars a subsequent civil action for damages against the public employee. <u>See</u> <u>State v. Superior Ct. ex rel. Bodde</u>, 32 Cal. 4th 1234, 1237, 1239 (2004). Although a plaintiff may include supplemental state law claims in a civil rights action brought in federal court pursuant to 42 U.S.C. § 1983, the state law claims are subject to dismissal for failure to allege compliance with the claim-filing requirement of the CTCA. <u>Karim-Panahi v. Los Angeles Police Dep't</u>, 839 F.2d 621, 627 (9th Cir. 1988). The CTCA applies to state law claims wherever those claims are brought.

In light of plaintiff's admission that he did not comply with the claims-presentation requirements of the CTCA, his state tort claims against defendants Peterson and Horton should be dismissed for failure to state a claim upon which relief may be granted. Dismissal should be with prejudice because plaintiff has not demonstrated that he can amend his complaint to allege any constitutional claims that would not be barred on immunity and abstention grounds.

PLAINTIFF'S PETITION FOR INJUNCTIVE RELIEF

Plaintiff has filed a petition for an emergency writ and a stay of all state court proceedings involving the juvenile dependency case of Ryuichi Giovanni Parlante. Plaintiff

asserts that he has exhausted "all other remedies" and contends that extraordinary relief is required in his case because the state courts have been violating his constitutional rights for years in the dependency proceedings.  The order sought by plaintiff would stay three state court cases, prohibit the state courts from exercising jurisdiction indefinitely, prevent defendants Peterson and Horton from taking any action until an evidentiary hearing takes place in an unspecified forum, require review of certain evidence presented in past proceedings, prohibit the state court from "protecting" the Sacramento County Department of Social Services, and permit plaintiff to pursue a habeas corpus remedy in an unspecified forum on behalf of the juvenile in question.

The legal principles applicable to a request for injunctive relief are well established.  To prevail, the moving party must either show a likelihood of success on the merits and the possibility of irreparable injury, or demonstrate that serious questions are raised and the balance of hardships tips sharply in the movant's favor. Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376.  "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id.  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

Speculative injury does not constitute irreparable harm. Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).  A presently existing actual threat must be shown, although the injury need not be certain to occur. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997); Caribbean Marine Servs. Co., 844 F.2d at 674.  The court does not have the authority to issue an injunction directed at a person or an entity that is not a party before the court. Zenith Radio Corp., 395 U.S. at 112; Fed. R. Civ. P. 65(d).

To the extent that plaintiff seeks an injunction directed at persons and entities that are not parties before this court, his petition must be denied. The petition must also be denied as to defendants Peterson and Horton because this court has determined that all claims against them must be dismissed. Moreover, the undersigned finds that plaintiff's petition fails to make a sufficient showing of irreparable injury or any likelihood of success on the merits of the claims alleged in the complaint.

REMAINING DEFENDANTS

"A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981). "Such a dismissal may be made without notice where the [plaintiff] cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987). The court's authority in this regard includes sua sponte dismissal as to defendants who have not been served and defendants who have not yet answered or appeared. Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared."). See also Bach v. Mason, 190 F.R.D. 567, 571 (D. Idaho 1999); Ricotta v. California, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998).

Although defendant Vorters has not yet appeared in this action, she appears to be in a position similar to that of the moving defendants. Plaintiff claims that defendant Vorters, an attorney representing a state or county agency in the child dependency proceedings, submitted false records to the state court and refused to take corrective action after allegedly receiving proof of the falsity. Plaintiff alleges that defendant Vorters owed him a duty of care regarding the information submitted to the court. The undersigned finds that the claims against defendant Vorters are integrally related to the claims against the moving defendants and that plaintiff

cannot possibly win relief against defendant Vorters. Absolute immunity applies to state employees responsible for the prosecution of child neglect and delinquency petitions. Greater Los Angeles Council on Deafness, 812 F.2d at 1108. Plaintiff's claims against defendant Vorters should be dismissed for failure to state a claim and because the defendant is entitled to quasi-judicial immunity. Dismissal of these claims should be with prejudice because amendment would be futile.

The sole allegation against defendants Anders Tyslan, Joan Tyslan, and ten unnamed defendants is that they, along with defendants Commission on Judicial Performance, Peterson, Horton, and Vorters, proximately caused plaintiff to suffer injuries as a result of intentional torts and civil conspiracy. Plaintiff's complaint is devoid of any facts concerning these claims with respect to the Tyslan defendants and the unnamed defendants, much less enough facts to state a claim to relief that is plausible on its face. See Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971) (claim of conspiracy must be based on allegations that establish the existence of a conspiracy); Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1991) (en banc) ( "A mere allegation of conspiracy without factual specificity is insufficient to support a claim."). Because a single allegation of intentional torts and conspiracy is alleged against all defendants, the undersigned finds that the claims against defendants Anders Tyslan, Joan Tyslan, and the unnamed defendants are integrally related to the claims against the moving defendants and should be dismissed with prejudice.

CONCLUSION

In light of the time required for issuance of findings and recommendations, the filing of objections, and the district judge's final disposition of defendants' motion, the undersigned indicated in open court on March 14, 2008 that the status conference set for March 28, 2008 will be vacated. If appropriate, the status conference will be re-set at a later time.

Accordingly, IT IS HEREBY ORDERED that the status conference set for March 28, 2008, at 11:00 a.m. before the undersigned is vacated; and

IT IS RECOMMENDED that:

1. Plaintiff's January 15, 2008 petition for emergency writ and request for stay of state court proceedings (#12) be denied;

2. The motion to dismiss (# 17) filed on January 30, 2008 by defendants Kenneth G. Peterson, Daniel Horton, and Commission on Judicial Performance be granted and all claims against these defendants be dismissed with prejudice on the grounds of lack of jurisdiction, immunity, Younger abstention, and failure to exhaust administrative remedies.

3. Plaintiff's claims against defendant Dian Vorters be dismissed with prejudice on the grounds of immunity and failure to state a claim upon which relief may be granted; and

4. Plaintiff's claims against defendants Anders Tyslan, Joan Tyslan, and DOES 1 to 10 be dismissed with prejudice for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **twenty (20)** days after being served with these findings and recommendations, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 17, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\parlante2502.mtd.f&r